**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK BURNS,**

                         **Plaintiff,**

        vs.                                      **02-CV-165**

**COUNTY OF RENSSELAER, JOHN MAY,**
**BOB DOE, JOHN DOE,**
                         **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

### I. INTRODUCTION

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. George H. Lowe, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4. The Report-Recommendation dated December 12, 2005 recommended that Defendants' motion for summary judgment be granted and the action be dismissed in its entirety. Rep. Rec. p. 31. Plaintiff filed written objections to the Report-Recommendation.

### II. DISCUSSION

When a party objects to the magistrate judge's Report-Recommendation, the Court reviews *de novo* those portions of the

1

findings or recommendations to which the objections are made. See 28 U.S.C. § 636(b)(1); Brown v. Artuz, 283 F.3d 492, 497 (2d Cir. 2002). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." 28 U.S.C. § 636(b)(1). Having reviewed the record *de novo* and considered the issues raised in Plaintiff's objections, the Court has determined to accept and adopt the recommendations of Magistrate Judge Lowe for the reasons stated in the December 12, 2005 Report-Recommendation.

Plaintiff's objection on the grounds that the Magistrate Judge failed to consider his Complaint as verified fails to raise an issue that would change the outcome of the motion. The Complaint in the Court's docket does not contain a verification page, see dkt. # 1-2, so the Magistrate Judge properly consider the Complaint as un-verified.

Even accepting the verification page that Plaintiff submits with his objections, the outcome of the motion would be no different. The Complaint consists mainly of broad, conclusory allegations of which Plaintiff has no direct knowledge. Id. Accepting those facts that he *does* have direct knowledge about would not change the outcome of the motion.

In this regard, at paragraph 32 of the Complaint Plaintiff

2

alleges that "notwithstanding the prescribed medication ordered for plaintiff by a licensed physician, Bob Doe did intentionally[,] knowingly, recklessly and negligently fail and refuse to provide said medication to this plaintiff." Compl. ¶ 32. However, as Magistrate Judge Lowe pointed out, the uncontested facts on the motion revealed that on the date in question, the Rensselaer County Correction Facility head nurse (known to Plaintiff only as "Bob Doe") "provided Plaintiff with his medications, giving Plaintiff Benadryl and apparently substituting the pain reliever Apap for the prescribed pain reliever Tylenol." Rep. Rec. pp. 12-13.  The pertinent question on the Eighth Amendment denial of medical attention claim is whether Plaintiff received adequate medical attention, not whether he received the medical attention that he wanted. Rep. Rec. pp. 22-24.  The allegation in the Complaint at paragraph 32, even if accepted as true, would not change the analysis because Plaintiff does not deny that he received a substitute pain reliever. See Rep. Rec. p. 13, fn. 31.[1]  Plaintiff was on notice of the requirements for responding to the motion for summary judgment, see dkt. # 30-27, and he failed to provide admissible evidence that would have created a genuine and material question of fact on the issue of whether he was denied proper

---

[1] In footnote 31 of the Report-Recommendation the Magistrate Judge considered the allegations in the Complaint at paragraph 32 and determined that, even if Plaintiff's Complaint was verified, the facts on the motion would be no different because Plaintiff has not denied that he was provided a substitute pain reliever. See Rep. Rec. p. 13, fn. 31.

3

medical attention under the Eighth Amendment standard. See Rep. Rec. pp. 21-24.  Since no genuine question of material fact existed as to whether Plaintiff was provided some pain medication on the date in question, the result of the motion would be no different whether the Complaint is treated as a verified document or not.

Plaintiff's arguments that the timing of the motion was intentionally selected by the defendants to create a hardship in responding; that his papers in opposition were not considered; that he was denied proper discovery during the case; and that he has obtained "newly discovered" evidence that changes the outcome of the case are all without merit.  This case has lingered long in this Court, see Notice of Removal [dkt. # 1-1] filed 2/7/02, and the timing of the summary judgment motion was determined by the Court's Amended Scheduling Order [dkt. # 12]. Any hardship experienced by the Plaintiff was incidental. Further, the Magistrate Judge considered Plaintiff's opposition papers even though they were filed late. See Rep. Rec. p. 15.

As to the claimed denial of discovery and "newly discovered" evidence, the objection is without merit. Plaintiff had been given more than ample opportunity to seek the assistance of the Court in obtaining discovery, and sought and was provided such assistance in this case. See e.g. Plf.'s Motion to Compel and related documents [dkt. # 19, # 46, # 56, # 62]; Defs.' Replies [dkt. # 21, #51, # 52, # 57, # 58, # 63, # 65]; Court responses [dkt. # 38, # 44, #

50, # 54, # 64]. Further, and more importantly, Plaintiff's claim of "newly discovered" evidence[2] would not have changed the outcome of the motion because Plaintiff has failed to establish that he was subjected to a constitutional deprivation while at the Rensselaer County Correctional Facility. Thus, he has no cognizable claim against the municipality. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)(to hold municipality liable as a "person" under § 1983, plaintiffs must show that a policy or practice of that entity caused the deprivation of their federal rights); City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)(*per curiam*) ("[T]his was an action for damages, and neither Monell[], nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm."); see also Walker v. City of New York, 974 F.2d 293, 296 (2d Cir. 1992), cert. denied, 507 U.S. 961 (1993)("[I]t is only when the municipality itself commits the misdeed, that is, 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §

---

[2] Plaintiff's "newly discovered" evidence is the name of the Rensselaer County Correctional Facility physician. Plaintiff contends that if he had this name earlier, he could have deposed the individual and potentially uncovered evidence of a municipal "policy or custom" of providing inmates with inadequate medical care through means of deficient staffing, supervision, and training. See Plf. Obj. ¶¶ 45-51   The Rensselaer County Correctional Facility physician is not alleged to be one of the "Doe" defendants. Id. ¶¶ 31-44.

1983.'")(quoting Monell, 436 U.S. at 690-91). Accordingly, even if he had been provided the name of the physician earlier and/or afforded a deposition of this person, it would not have changed the outcome of the motion. See fn. 2 *supra*.

Finally, there is no merit to Plaintiff's objection to Magistrate Judge Lowe's recommendation that the claims against the Doe defendants be dismissed because Plaintiff failed to timely identify the Does. Rep. Rec. pp. 28-30.  First, Plaintiff has long been on notice of the requirement to identify the Doe defendants, see e.g. 3/18/03 Decision and Order, pp. 10-11 [dkt. # 6]; Rep. Rec. p. 28 & fn. 48, yet failed to timely identify these defendants. Second, and more importantly, Magistrate Judge Lowe's recommended dismissal of the claims against these defendants on the grounds of failure to timely identify them is an "alternative" recommendation for dismissal. Rep. Rec. p. 30.  Hence, the recommendation is of no legal import *unless* it is determined that the claims against the Does should not be dismissed on the merits. Because the Court finds that the claims against all defendants, including the Does, fail on the merits, the alternative recommendation for dismissal, although perhaps warranted in this case, is academic.

### III. CONCLUSION

The Court accepts and adopts the recommendations of Magistrate Judge Lowe for the reasons stated in the December 12, 2005 Report-

6

Recommendation.  Therefore, Defendants' motion for summary judgment is **GRANTED** and the case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**

DATED: March 24, 2006

Thomas J. McAvoy
Senior, U.S. District Judge